UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAS I. GAGE pro se, | : |
| | : |
| Plaintiff, | : Civil Action No. 3:09-cv-519 (FLW) |
| | : |
| v. | : |
| | : |
| TOWNSHIP OF WARREN, et al., | : |
| | : OPINION |
| Defendants. | : |

**WOLFSON, United States District Judge:**

Presently before the Court is a Motions pursuant to Fed. R. Civ. P. 12(b)(6) brought by Defendants Township of Warren, Carolann Garafola, Victor Sordillo, Gary DiNardo, Joao Ferreira, Olga Ferreira, Shyam Baweja, Neelam Baweja, Ahmet Ulaj, Astrit Ulaj, and Kevin Page (collectively "Defendants")[1] to dismiss pro se Plaintiff Thomas I. Gage's ("Gage") Complaint.  Gage alleges, inter alia, that he has been the "victim of property discrimination," arising from his ill-fated attempts to subdivide his residential property in an effort to make the property more marketable.  The Court has reviewed the parties' submissions, and for the reasons stated below, Defendants' Motions to Dismiss are granted.

---

[1] Initially, Defendants Township of Warren, Garafola, Sordillo and DiNardo filed the present motion on March 13, 2009.  The other Defendants informed this Court by letter that they were filing separate motions to dismiss but joining in with the Township Defendants' brief.  Thus, notwithstanding Gage's protestations to the contrary, those Defendants were not required to answer within twenty days of being served with Gage's Complaint.

**I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Because Defendants move for dismissal pursuant to Fed. R. Civ. P. 12(b)(6), the Court will assume the facts as alleged in Gage's Complaint are true.[2]

Although it is difficult to discern from Gage's "Brief Description of Cause," Gage is currently a property owner in Warren Township, who has, albeit unsuccessfully, attempted to sell the property.  Over twelve years ago, Gage and his family purchased the four and a half acre parcel of land with the intent to subdivide and build additional houses on the property.  Gage alleges, however, that he has been denied approval for that subdivision while his neighbors, including the Ulajs, Ferreiras, and the Bawejas, have been permitted to build houses along Giddes Lane, a stub road, adjacent to Gage's property. Another development, Sleepy Hollow, Gage alleges, interferes with his property. Gage further alleges that Sordillo, DiNardo, and Garafola, public officials in the Township of Warren, "have voluntarily abused their power of the Township Committee to favor Sleepy Hollow development, by lying and supporting Mr. Page's plan to disregard the preliminary amended and final approvals of Giddes Lane, because it

---

[2]The Court must, in addition to taking the allegations in Gage's Complaint as true, construe Gage's pro se pleadings liberally.  Haines v. Kerner, 404 U.S. 519, 520 (1972); Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2004) ("[The Court will] apply the applicable law, irrespective of whether the pro se litigant has mentioned it by name.").  However, pro se parties must still comply with the pleading standards as set forth in Federal Rule of Civil Procedure 8(a)(2), which requires the allegations in a complaint to set out a "short and plain statement of the claim."  Fed. R. Civ. P. 8(a)(2).  Notwithstanding this generous standard, a pro se party cannot rely on bald assertions or legal conclusions to survive a motion to dismiss. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). In applying 8(a), the Court "must determine whether, under any reasonable reading of the pleadings, the plaintiff[ ] may be entitled to relief, and ... must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir.1996) (citing Holder v. Allentown, 987 F.2d 188, 194 (3d Cir.1993)); Eli Lily & Co. v. Roussel Corp., 23 F.Supp.2d 460, 474 (D.N.J.1998) (citing Nami and Holder ).

would have a negative impact on Sleepy Hollow development." Plaintiff's Complaint.[3]  All the while, Gage alleges, he has been either denied approval for his subdivision or has had his subdivision application "lost," which Gage intimates was done intentionally so as to protect the interests of various Defendants.  As a result, Gage has been unable to sell his home, even though he has had five interested buyers in the property.  Township Defendants proffer that they are no stranger to Gage's litigious ways, having been required to respond to a Prerogative Writ Complaint in New Jersey Superior Court, challenging the approval of the Sleepy Hollow development.[4]

Plaintiff initiated this cause of action in the United States District Court for the District of New Jersey on February 5, 2009.  On February 26, 2009, Page filed a separate Answer to Gage's Complaint.  On March 13, 2009, Defendants Township of Warren, Garafola, Sordillo, and DiNardo filed the present Motion to Dismiss Gage Complaint.  The other Defendants, in separate letters to this Court, joined in with the Township Defendants, filing separate motions but joining

---

[3] Gage inartfully details a series of alleged conflicts of interest between Warren Township officials and various Defendants, all of which have worked to undermine his ability to sell his property.  The Court is not persuaded that this prolix list of alleged conflicts can serve as the basis for a federal cause of action, nor does Gage represent to this Court what cause of action, if any, can be discerned from the allegedly tangled web of deceit and heavy-handedness that pervades the Township of Warren and the administration of its regulatory land use powers.

[4] To the extent that the present cause of action is a veiled attempt to litigate zoning issues, those claims would be barred by Younger.  Lui v. Comm'n on Adult Entertainment of Delaware, 369 F.3d 319 (3d Cir. 2004) (applying Younger to the plaintiff's claims that the state's zoning laws were unconstitutional). Younger would also preclude this Court from considering a hypothetical  challenge to the zoning approvals and denials under the Takings Clause as the New Jersey Superior Court is in a better place to determine the validity of such a claim in conjunction with the pending prerogative writ. Id. at 325 ("State courts are every bit as competent to deal with the claims of the appellant. . .as are the federal courts and this, of course, includes the ability to address claims under both the State constitution and the Federal constitution. Thus, we have been instructed that the concerns of comity and federalism which underlie the Younger doctrine command the federal courts to respect the independence and functioning of the state courts."). Because Gage insists that his claims arise from an alleged violation of his Equal Protection rights, the Court will construe his Complaint accordingly.

in with the Township Defendants' brief.  For the reasons stated below, Defendants' Motions to Dismiss are granted.

**II. DISCUSSION**

**A. Standard of Review for Motion to Dismiss**

When reviewing a motion to dismiss on the pleadings, courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir.2008) (citation and quotations omitted). In Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Supreme Court clarified the 12(b)(6) standard. Specifically, the Court "retired" the language contained in Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. at 1968 (quoting Conley, 355 U.S. at 45-46). Instead, the factual allegations set forth in a complaint "must be enough to raise a right to relief above the speculative level." Id. at 1965. As the Third Circuit has stated, "[t]he Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element. This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234 (quoting Twombly, 127 S.Ct. at 1965).

Here, Plaintiff provides a voluminous record of emails and letter correspondences with various Defendants, none of which will be considered in the determination of the present motion.

4

The inquiry before the Court on a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is whether Gage's Complaint, taken as true, states a cognizable cause of action. While the emails and letters may prove probative if Gage's Complaint survives the present motion, it is inappropriate for the Court to weigh any evidence at this stage.

**B. Gage's Complaint Against the Bawejas, Ulajs, Ferreiras, and Page**

At the threshold, the Court must determine what Gage's Complaint actually alleges. While the Complaint is entirely too vague to even satisfy the generous pleading standards set forth in Federal Rules of Civil Procedure 8(a), Gage's Brief in Opposition to the present motion clarifies for the Court that his allegations arise from "property discrimination" and the Township of Warren's failure to protect him due to his status as a United States armed forces veteran. Thus, the Court must presume that Gage is attempting to allege constitutional violations under the Fourteenth Amendment Equal Protection Clause. Indeed, in his Opposition, Plaintiff cites the Fourteenth Amendment as the basis for this Court's jurisdiction over his claims. See Plaintiff's Br. Pg. 11.

In the present case, the Court will assume that Gage wishes to pursue a cause of action pursuant to 42 U.S.C. § 1983, which states, in pertinent part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory. . .subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity or other proper proceeding for redress.

42 U.S.C. § 1983. The law does not create any substantive rights but rather provides "an avenue of recovery for the deprivation of established federal constitutional and statutory rights." Salley v. Rodriguez, No. 07-4914, 2008 WL 65106 at * 4 (D.N.J. Jan.4, 2008); see also Groman v. Twp. of Manalapan, 47 F.3d 628, 633 (3d. Cir.1995). To establish a § 1983 claim, a plaintiff

5

must demonstrate that the alleged conduct was committed by "(1) a person acting under color of state law and (2) that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or the laws of the United States." Stahl v. Main, No. 07-4123, 2008 WL 2446816, at *3 (D.N.J. June 16, 2008).

As a preliminary matter, the Court will dismiss the Bawejas, Ulajs, Ferreiras, and Page as Gage cannot demonstrate that any of those Defendants are state actors under 42. U.S.C. § 1983. The Fourteenth Amendment governs only state action, not the actions of private citizens or organizations. Rendell-Baker v. Kohn, 457 U.S. 830, 837-38 (1982). To state a claim under 42 U.S.C. § 1983, Gage must demonstrate that every Defendant acted under "color of [state] law" to deprive him of an enumerated right secured by the United States Constitution or its laws. Salley v. Rodriguez, No. 07-4914, 2008 WL 65106, at *4 (D.N.J. Jan. 4, 2008). "[T]he essence of section 1983's color of law requirement is that the alleged offender, in committing the act complained of, abused a power or position granted by the state." Hill v. Borough of Kutztown, 455 F.3d 225, 241 (3d Cir. 2006) (quoting Bonenberger v. Plymouth Twp., 132 F.3d 20, 24 (3d Cir. 1997)).

Gage's preposterous assertion that the Bawejas, Ulajs, Ferreiras, and Page are state actors, as defined by 42 U.S.C. §1983, exalts form over substance, exposing any individual who seeks to utilize township services, in this case, requesting building approval from a planning board, to § 1983 liability. See Fueson v. Feldman, No. 00-1117, 2001 U.S. Dist. LEXIS, 242, at *10 (E.D. Pa. 2001) ("Filing a lawsuit in state court, is not for 1983 purposes 'state action;' nor does it turn a private citizen into a state actor"). Taking Gage's argument to its logical conclusion, a plaintiff could argue at the most abstract level that a private individual acts under the color of state law

whenever he avails himself of the governmental apparatus.[5] It goes without saying that Congress did not intend § 1983 to provide plaintiffs like Gage an avenue to levy charges of constitutional violations against private defendants as a proxy in an embittered dispute with neighbors. The Supreme Court, in reiterating that § 1983's color of state law requirement is not to be liberally applied, stated:

> We have never held that the mere availability of a remedy for wrongful conduct, even when the private use of that remedy serves important public interests, so significantly encourages the privacy activity as to make the State responsible for it. See Tulsa Professional Collection Services, Inc. v. Pope, 485 U.S. 485, 109 S.Ct. 1340, 99 L.Ed.2d 565 (1988) ("Private use of state-sanctioned private remedies or procedures does not rise to the level of state action.") . . . It bears repeating that a finding of state action on this basis would be contrary to the "essential dichotomy," Jackson, supra, at 349, 95 S.Ct. 449, between public and private acts that our cases have consistently recognized.

American Manufacturers Mutual Insurance Co. v. Sullivan, 526 U.S. 40, 53 (1999).

Accordingly, Gage's Equal Protection claims against the Bawejas, Ulajs, Ferreiras, and Page are dismissed.

**C. Township Defendants**

Turning to the Township Defendants, Gage's Fourteenth Amendment claims fall short. Gage fails to allege what role, if any, Garafola, Sordillo, or DiNardo played in his "property discrimination"[6] nor does Gage's haphazard petition or brief allege that the Township or its

---

[5] Indeed, permitting Gage to proceed with his constitutional claims against the private Defendants under §1983 would lead to absurd results. By way of example, Plaintiff's theory would allow a private citizen who received a traffic ticket allegedly based on his race to not only pursue an Equal Protection claim against the police officer who gave him the ticket, but to proceed with the same claims against the other drivers on the road who did not receive a ticket as well.

[6] Because the Court is unaware of any cause of action arising out of "property discrimination," the Court will construe "property discrimination" to mean that discrimination

officials were aware of Gage and his family's dedicated services to this country.[7]  At the very least, a plaintiff seeking to assert violations of the Equal Protection Clause must allege that the denial of equal protection was a result of "intentional or purposeful discrimination." Snowden v. Hughes, 321 U.S. 1, 8 (1943); Smith v. Eastern New Mexico Medical Center, 72 F.3d 138 (10th Cir. 1995).  Because an allegation of discrimination under the Equal Protection Clause requires that the defendant intended to discriminate against the complainant based on his membership in an identifiable class, i.e. sex, race, creed,  it follows a fortiori that the defendant knew the complainant was a member of the identified class.  Here, Gage has not alleged that the Township and its officials knew of his status as an armed forces veteran and based on Gage's status, intentionally chose to turn their backs on his claims of the Planning Board's allegedly scurrilous practices.   To the contrary, the alleged impetus for Gage's mistreatment was not his status as an armed forces veteran, but rather the litany of conflicts that existed between Township officials and various Defendants.

    It is not enough for Gage to allege that the Township and its officials chose not to intervene in the Planning Board's rejection of Gage's subdivision application with its purpose being to

---

which occurred as a result of Gage's failed attempts to receive approval for his subdivision.

    [7] While Gage did not originally state that he was a member of the armed forces in his Complaint, he did indicate to the Court that he is "a citizen of the United States and a member of a family of three generations of United States Veterans."  Plaintiff's Brief pg. 1.  Hence, there is a question as to whether Gage's Complaint and subsequent Opposition Brief adequately allege that Gage is a member of the purported class for the purposes of his Equal Protection claim.  If Gage is merely alleging that he is a family member of several armed forces veterans, it can hardly be argued that the Township and its officials discriminated against him based on his prior service in the armed forces or that he is even a member of a purported class at all.  For the purposes of this Motion, however, the Court will assume that Gage has alleged that he is indeed an armed forces veteran.

ensure Gage would not receive such approval. See LeClair v. Saunders, 627 F.2d 606, 609 (1st Cir. 1980) ("But the bare bones of the phrase 'intentional and purposeful discrimination' are an insufficient guide to judge liability in this context. Under appellees' suggested interpretation, if Saunders intended to suspend the LeClairs, which he clearly did, and his purpose was to prevent them from shipping milk to Massachusetts, which it clearly was, then he would be guilty of discrimination. This result would be so overinclusive as to be unworkable, let alone unfair."). Instead, Gage must allege a nexus between his status as a member of an identifiable class and the state actor's subsequent decision to selectively enforce or not enforce a law based on his membership in that class. Without such allegations, Plaintiff's Equal Protection claims cannot succeed. Given Gage's theory rests primarily on the allegedly corrupt dealings of the Township Defendants, and not a systemic effort to deprive armed forces veterans the right to develop their property, Gage will be hard-pressed to allege an Equal Protection claim. Accordingly, Plaintiff's Equal Protection claims against the Township of Warren, DiNardo, Garafola, and Sordillo are dismissed.

### III. CONCLUSION

For the foregoing reasons, Gage's Complaint is dismissed in its entirety.


Dated June 10, 2009                                          /s/ Freda L. Wolfson
                                                             Freda L. Wolfson, U.S.D.J.